

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# Nizal v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nizal v. Atty Gen USA" (2006). *2006 Decisions.* Paper 817.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/817

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-2921

———————

SHINTA DEWANTI NIZAL; JOKO DWI PUTRO;
TRIXIEDIO ARIFIA PUTRO;
TRIXIEDIA DEWINTA PUTRI PUTRO,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

On Petition for Review of an Order of the Board of Immigration Appeals
Nos. A95 873 460/461/462/463
Immigration Judge:  Hon. Charles M. Honeyman

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

BEFORE:  McKEE and STAPLETON, Circuit Judges,
and McCLURE,* District Judge

(Opinion Filed June 29, 2006)

———————

* Hon. James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Shinta Dewanti Nizal, her husband and their children are citizens of Indonesia. Ms. Nizal's husband and children are riders on her application for asylum and withholding of removal. She seeks review of a BIA order affirming without opinion an IJ decision to deny that relief.

Ms. Nizal is a native Indonesian Muslim. In her application for asylum or withholding of removal, she stated that she was seeking asylum or withholding of removal based on race, religion, and membership in a particular social group. With respect to race, Ms. Nizal stated that, although she is a native Indonesian, she is perceived to be Chinese because she has light skin and, accordingly, is subject to the mistreatment experienced by Indonesian Chinese. To support her claim based on religion, Ms. Nizal asserts that she and her family are Muslims but do not accept many of the restrictions, such as rules for women's clothing and behavior, that could be imposed if Indonesia became a fundamentalist Islamic country. Finally, Ms. Nizal identifies herself as a member of a social group as "an educated, moderate Muslim woman," who will be oppressed and persecuted if radical Islamic fundamentalists come into power. App. at

226. She did not allege, nor did she subsequently offer evidence, that she was perceived to be a Christian.

The IJ found Ms. Nizal to be credible but that her evidence was insufficient to justify asylum or withholding of removal. Specifically, the IJ concluded that (1) the actions taken against her because she was perceived to be Chinese did not rise to the level of past persecution; and (2) her evidence did not meet her burden of showing a reasonable possibility that she would suffer persecution in the future on one of the statutory grounds. In the course of reaching the latter conclusion, the IJ found as follows:

> The Court has examined all of the evidence in the record carefully, including the *Country Reports* and other credible source materials. While the Court finds indicative that there may be a pattern or practice of persecuting Chinese and Christians, there is no pattern or practice of persecuting individuals who are merely Chinese or, in this case, perceived to be Chinese sufficient for a finding of statutory eligibility.

App. at 20. The IJ regarded as merely speculation Ms. Nizal's concerns about Indonesia becoming an Islamic fundamentalist country in the future. Finally, the IJ noted that Ms. Nizal's "well educated, wealthy family" had the capacity to protect her from the kind of harassment she testified to suffering.

In her brief before us, Ms. Nizal makes a rather limited attack on the BIA's order affirming the IJ's decision, an attack based solely on a claim that she is entitled to relief because of persecution as a Chinese Christian. She argues that in "this case the IJ found that Chinese Christians may suffer a pattern or practice of persecution in Indonesia." Petitioner's Br. at 18. She next insists that the record supports the proposition that there

3

is a "reasonable possibility" that she, in addition to being considered Chinese because of her light skin, "would also be considered Christian." *Id.* Ms. Nizal then concludes that if "she were considered Christian due to her Chinese appearance, then she would be a member by imputation of the group of persons who suffer a pattern or practice of persecution in Indonesia as found by the IJ." *Id.*

The primary problem with this argument is that the IJ did not find that Chinese Christians suffer a pattern and practice of persecution in Indonesia. While he commented that such a pattern or practice "*may*" exist, he had no occasion to find whether it did or did not because Ms. Nizal did not allege, and had offered no evidence, that she was persecuted, or feared persecution, because of being perceived to be a Christian. Indeed, Ms. Nizal's own evidence undermines any claim that she fears persecution for being perceived to be a Chinese Christian. In her asylum application, she stated that, before leaving Indonesia in 2001, her son attended a Catholic school and she further testified that, if her family is returned there, she would send both of her children to "a Catholic or Christian school." She did not testify to any concern that this would subject either herself or her children to risk of harm.

While Ms. Nizal insists that the IJ found that a pattern or practice exists in Indonesia of persecuting Chinese Christians, she does not, and could not, maintain that the record *compels* such a conclusion. The *Country Reports* referenced by the IJ would support a contrary conclusion. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).

The petition for review will be denied.